T.C. Summary Opinion 2006-163

UNITED STATES TAX COURT

CARLOS H. AND MARIA C. GONZALEZ, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8709-04S.                    Filed October 10, 2006.

Michael Stearns, for petitioners.

Gordon P. Sanz, for respondent.

COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 in effect when the petition was filed.[1]
The decision to be entered is not reviewable by any other court,
and this opinion should not be cited as authority.

_____

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the years at
issue.

Respondent determined deficiencies in petitioners' Federal income taxes for 2000 and 2001 in the amounts of $11,620 and $12,348, respectively, and accuracy-related penalties under section 6662(a) for those years in the amounts of $2,324 and $2,470, respectively.

The issues for decision are: (1) Whether petitioners were engaged in an export activity during the years at issue, and, if so, whether such activity was an activity not engaged in for profit under section 183; (2) whether petitioners are entitled to deductions for expenses relating to that activity under section 162(a); and (3) whether petitioners are liable for the section 6662(a) accuracy-related penalties.[2]

Some of the facts were stipulated. Those facts, with the exhibits annexed thereto, are so found and made part hereof. Petitioners resided at Katy, Texas, at the time the petition was filed.

Carlos H. Gonzalez (petitioner) is a senior petroleum engineer for Conoco, Inc. (Conoco), a major oil company in

---

[2]Under sec. 7491(a), where a taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the liability of the taxpayer, the burden of proof shifts to the Commissioner. Petitioners have not produced credible evidence with respect to the principal issue, nor have petitioners, under sec. 7491(a)(2)(B), maintained records required with regard to substantiating their claimed expenses; therefore, the burden of proof does not shift to respondent. However, as to the penalties, the burden of production is on respondent. Sec. 7491(c). The Court's holding in this case is based upon due regard to the requirements of sec. 7491.

Houston, Texas.  Petitioner has a bachelor of science degree in petroleum engineering and has been an employee of Conoco for over 27 years.  Maria C. Gonzalez, petitioner's spouse, was also employed during the years at issue, earning wage and salary income of $5,560 and $18,166, respectively, for the 2 years at issue.

Petitioners are natives of Colombia, South America.  Both are U.S. citizens.  Petitioners have maintained contacts with their families and friends in Colombia.

For the years 2000 and 2001, petitioners included with their Federal income tax returns Schedules C, Profit or Loss From Business, related to an activity called Special Supply Co., with the business purpose described as the "Export of Industrial Supplies".  The income and expenses of the activity for the year 2000 were reported as follows:

| | | |
|---|---|---|
| Income | | -0- |
| Expenses: | | |
| Advertising | $ 899 | |
| Car & truck expenses | 12,245 | |
| Legal & professional | 649 | |
| Office expenses | 373 | |
| Travel | 4,348 | |
| Other expenses | [1]22,978 | |
| Total expenses | $41,492 | |
| Loss | | ($41,492) |

[1]Consisted of:

| | |
|---|---:|
| Communications | $ 4,544 |
| Dues & subscriptions | 335 |
| Colombia office | 15,091 |
| Contract labor | 2,700 |
| Education | 308 |
| Total | $22,978 |

For the year 2001, petitioners reported the following income and expenses related to that activity on Schedule C of their income tax return:

| | | |
|---|---:|---:|
| Income | | $ 3,000 |
| Expenses: | | |
| Advertising | $ 3,223 | |
| Car & truck expenses | 13,721 | |
| Depreciation | 1,669 | |
| Legal & professional | 649 | |
| Office expenses | 1,098 | |
| Travel | 1,336 | |
| Other expenses | [1]25,529 | |
| Total expenses | $47,225 | |
| Loss | | ($44,225) |

[1]Consisted of:

| | |
|---|---:|
| Communications | $ 2,897 |
| Bank charges | 130 |
| Dues & subscriptions | 335 |
| Colombia office | 18,708 |
| Tolls | 386 |
| Freight | 73 |
| Contract labor | 3,000 |
| Total | $25,529 |

In the notice of deficiency, respondent disallowed the Schedule C deductions claimed for both years.  At trial, petitioners conceded that the $3,000 reported gross income for 2001 was not related to the purported activity and was paid to

petitioner for consultation services.[3]  As stated in the notice of deficiency, the expenses were disallowed for the reason that "it has not been established that the expenses were incurred and paid", and, additionally, "it has not been established that the activity described in Schedule C for the taxable years 2000 and 2001 constitutes a bona fide trade or business venture entered into for profit."

The purpose of the purported activity, as described by petitioners, was to sell oil field equipment from the United States to oil and gas exploration companies in Colombia, South America.  Petitioners began reporting this activity on their Federal income tax return for 1994.  They claimed losses from this activity as follows:[4]

------

[3]Under sec. 183(b)(2), if an activity is not engaged in for profit, deductions for expenses are allowable only to the extent of the gross income derived from such activity.  Since petitioners conceded that the $3,000 in income was not related to the activity, none of the expenses is allowable as deductions to the extent of that reported income.

[4]The record does not show whether petitioners reported any gain or loss from this activity for the years 1994, 1995, and 1996.  In the stipulation, petitioners agreed that their claimed losses for 2000 should be reduced from $41,492 to $32,646, and the 2001 loss should be reduced from $44,225 to $36,240.  With these concessions, the total claimed losses would be $199,110 instead of the $215,941 shown above.

| | |
|---|---|
| 1997 | $ 24,785 |
| 1998 | 44,752 |
| 1999 | 41,020 |
| 2000 | 41,492 (year at issue) |
| 2001 | 44,225 (year at issue) |
| 2002 | 19,667 (not before the Court) |
| Total losses | $215,941 |

The profits or losses for the years prior to 1997 were not presented at trial. It appears that the years 2000 and 2001 are the only years in which this activity has been called into question by the IRS. Petitioners acknowledged at trial that they are no longer reporting income and expenses with respect to this activity on their Federal income tax returns.

Petitioners' brief focuses exclusively on the argument that the losses they incurred for the 2 years at issue came from an activity engaged in for profit, and that, under section 183, they are entitled to deductions for the expenses incurred for the 2 years in question. Respondent, however, focuses the issue as follows:

> Petitioners' opening brief suffers from one serious logical fallacy. The basic premise of the brief is that Mr. and Mrs. Gonzalez operated an oil field equipment exportation business during the years 2000 and 2001. Petitioners then attempt to explain how its operation comported with the factors the Court looks to to determine whether it was an activity entered into for profit. Respondent asserts that this approach ignores a much more basic question; was there actually an activity.

> Petitioners claim that they operated their business in the United States, and they also maintained a presence in Colombia. Respondent asserts that there is no evidence that there was ever a business. Petitioners reported losses from

this alleged business on their returns for 2000 and 2001. The mere reporting of this activity does not prove its existence. Other than their testimony, and a series of documents generated by them, there is no evidence in the record to establish that there even was an activity. Petitioners presented no checks, receipts, or any other third party documents to prove they conducted a business. They claimed to have an office in Colombia, but again, they only presented computer generated accounting records to support the existence of their Colombia operation. Further, there was no evidence presented regarding the source of the capital necessary to operate in Colombia, or how it was transmitted to that location. They presented no checks, wire transfers, or other physical evidence to establish funding. Petitioners conceded a portion of their claimed Colombia "office" expense when respondent determined that the location of the alleged office was an apartment building. Thus, before the Court begins examining the various factors associated with activities entered into for profit, the Court must first determine if there was in fact any activity to judge. Respondent asserts that it is altogether inconceivable that petitioners would be without a single third party record if they in fact operated a business in two separate countries.

Section 183(a) provides in general that, in the case of an activity engaged in by an individual, if such activity is not engaged in for profit, no deduction is allowable except for deductions that are otherwise allowable without regard to whether the activity is engaged in for profit, and/or to the extent of the gross income from the activity.

Section 183, therefore, presupposes the existence of an activity. As noted above, in the notice of deficiency, respondent disallowed the claimed deductions on the ground it had not been established that the expenses were incurred and paid. As pointed out by respondent on brief, no statements, bills,

receipts, or checks evidencing the conduct of any activity in Colombia were offered into evidence by petitioners. Moreover, there was no income derived from any Colombian activity for the 2 years in question. No evidence was offered, for example, of correspondence from potential customers or other sources that would relate to the purported activity.

On this record, the Court holds that there was no activity conducted by petitioners for the 2 years at issue; consequently, it follows that there are no expenses allowable as deductions from that nonexistent activity. The Court, therefore, need not address whether the activity was not engaged in for profit because there was no activity.

Respondent determined that petitioners are liable for penalties under section 6662(a) for negligence or disregard of rules or regulations. In pertinent part, section 6662 imposes an accuracy-related penalty equal to 20 percent of the portion of an underpayment of tax that is attributable to negligence or disregard of rules or regulations. Sec. 6662(a), (c). Section 6662(c) defines "negligence" as including any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code and defines "disregard" as including any careless, reckless, or intentional disregard. However, under section 6664(c), the penalty under section 6662(a) shall not be imposed with respect to any portion of the underpayment if it is shown

that there was reasonable cause for the underpayment, and the taxpayer acted in good faith.

Even though the burden of production is on the Commissioner under section 7491(c) as to penalties, that does not mean that the burden of proof shifts to the Commissioner. Where the Commissioner introduces sufficient evidence to show that the taxpayer is liable for the penalty, the taxpayer has the burden of proving that he is not liable for the penalty. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). The Court is satisfied that respondent has met the burden of production in this case. Petitioners claimed deductions for a nonexistent activity. The actions of petitioners, as described above, represented a blatant attempt to circumvent the Internal Revenue Code, which, unfortunately, they were able to get away with for several prior years. Petitioners have no reasonable cause for the underpayments for the 2 years at issue in this case in which their nonexistent activity was brought to light. The accuracy-related penalties are sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.